UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

# **ORDER**

THE FOLLOWING CASES HAVE BEEN SET FOR TRIAL DURING THE TERM COMMENCING ON **SEPTEMBER 2, 2014**, IN THE UNITED STATES COURTHOUSE, 801 N. FLORIDA AVENUE, TAMPA, FLORIDA, COURTROOM 15A (FIFTEENTH FLOOR) BEFORE JUDGE STEVEN D. MERRYDAY.

NO CALENDAR CALL WILL BE HELD. THE CASES ARE LISTED IN THE ORDER IN WHICH THEY WILL BE TRIED, ALTHOUGH EXPERIENCE INDICATES THAT AT TIMES CASES MAY BE CALLED OUT OF ORDER. FOR THE CONVENIENCE OF COUNSEL, THE NAMES OF ALL COUNSEL ARE FURNISHED SO THAT COUNSEL MAY INFORM THEMSELVES OF THE PROGRESS OF THE LISTED CASES.

EXHIBIT AND WITNESS LISTS (THREE COPIES) SHALL BE FILED WITH THE COURTROOM DEPUTY CLERK NO LATER THAN THE BEGINNING OF TRIAL. ALL EXHIBITS ARE TO BE PREMARKED IN ACCORDANCE WITH RULES 3.06, 3.07, and 5.04 OF THE LOCAL RULES OF THE MIDDLE DISTRICT OF FLORIDA. COPIES OF THE LOCAL RULES AND THE EXHIBIT TAGS USED FOR MARKING CAN BE OBTAINED FROM THE FLMD WEBSITE.

IF YOUR CASE IS A JURY TRIAL, NO LATER THAN FOUR (4) DAYS BEFORE THE FIRST DAY OF TRIAL, (1) FILE PROPOSED VOIR DIRE, JURY INSTRUCTIONS, AND VERDICT FORMS WITH THE CLERK, (2) SERVE COPIES ON OPPOSING COUNSEL, AND (3) PROVIDE THE COURTROOM DEPUTY WITH A COPY FOR USE BY THE JUDGE. IF YOUR OFFICE TECHNOLOGY PERMITS, PROVIDE THE COURT WITH A CD CONTAINING YOUR PROPOSED JURY INSTRUCTIONS IN WORDPERFECT FORMAT.

COUNSEL AND PRO SE PARTIES MUST ADVISE THE COURT PROMPTLY OF ANY DEVELOPMENT SUBSEQUENT TO THE ENTRY OF THIS ORDER WHICH WOULD AFFECT IN ANY WAY THE TRIAL OF THIS CASE.

A REQUEST TO CONTINUE A TRIAL IS DISRUPTIVE. ALL FEASIBLE ALTERNATIVES SHOULD BE PURSUED BEFORE REQUESTING A CONTINUANCE. A REQUEST FOR CONTINUANCE SHALL BE PRESENTED IN WRITING AND SHALL INCLUDE A REPORT OF EVERY NON-MOVING PARTY'S CURRENT SUPPORT FOR OR OPPOSITION TO THE REQUESTED CONTINUANCE. IF A REQUEST FOR CONTINUANCE IS BASED UPON A CALENDAR CONFLICT WITH ANOTHER PROCEEDING, THE REQUEST MUST PROVIDE THE INFORMATION PERTINENT TO A

RESOLUTION OF THE CONFLICT {I.E., THE INFORMATION NECESSARY TO CONFIRM THE EXISTENCE OF, AND TO DETERMINE THE APPLICABLE PRIORITY OF, THE CONFLICTING EVENTS IN ACCORD WITH THE PRESCRIPTIONS IN THE "RESOLUTION OF THE FLORIDA STATE-FEDERAL JUDICIAL COUNCIL REGARDING CALENDAR CONFLICTS BETWEEN STATE AND FEDERAL COURTS" [APPENDED TO AND ADOPTED IN KRASNOW V. NAVARRO, 909 F.2D 451, 455 (11TH CIR. 1990), AND CODIFIED IN RULE 2.052, FLORIDA RULES OF JUDICIAL ADMINISTRATION, AS AMENDED AND ADOPTED IN AMENDMENTS TO THE FLORIDA RULES OF JUDICIAL ADMINISTRATION, 682 SO. 2D 89 (FLA. 1996)]}.

NOTWITHSTANDING ANY OF THE ABOVE, CASES ON THIS CALENDAR ARE SUBJECT TO TRIAL BY ANY JUDGE IN THIS DISTRICT.

COMPLY WITH LOCAL RULE 5.03 AT ALL TIMES DURING TRIAL.

ORDERED IN TAMPA FLORIDA ON AUGUST 27, 2014.

*Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

# MIDDLE DISTRICT RULE 5.03 --- COURTROOM DECORUM

(a) The purpose of this rule is to state, for the guidance of those heretofore unfamiliar with the traditions of this Court, certain basic principles concerning courtroom behavior and decorum. The requirements stated in this rule are minimal, not all-inclusive; and are intended to emphasize and supplement, not supplant or limit, the ethical obligations of counsel under the Code of Professional Responsibility or the time honored customs of experienced trial counsel. Individual judges of the Court may, in any case, or generally, announce and enforce additional prohibitions or requirements; or may excuse compliance with any one or more of the provisions of this rule.

(b) When appearing in this Court, unless excused by the presiding Judge, all counsel (including, where the context applies, all persons at counsel table) shall abide by the following:

  (1) Stand as Court is opened, recessed or adjourned.

  (2) Stand when the jury enters or retires from the courtroom.

  (3) Stand when addressing, or being addressed by, the Court.

  (4) Stand at the lectern while examining any witness; except that counsel may approach the Clerk's desk or the witness for purposes of handling or tendering exhibits.

  (5) Stand at the lectern while making opening statements or closing arguments.

  (6) Address all remarks to the court, not to opposing counsel.

  (7) Avoid disparaging personal remarks or acrimony toward opposing counsel and remain wholly detached from any ill feeling between the litigants or witnesses.

  (8) Refer to all persons, including witnesses, other counsel and the parties by their surnames and not by their first or given names.

  (9) Only one attorney for each party shall examine, or cross examine each witness. The attorney stating objections, if any, during direct examination, shall be the attorney recognized for cross examination.

  (10) Counsel should request permission before approaching the bench; and any documents counsel wish to have the Court examine should be handed to the Clerk.

  (11) Any paper or exhibit not previously marked for identification (see Rule 3.07) should first be handed to the Clerk to be marked before it is tendered to a witness for his examination; and any exhibit offered in evidence should, at the time of such offer, be handed to opposing counsel.

  (12) In making objections counsel should state only the legal grounds for the objection and should withhold all further comment or argument unless elaboration is requested by the Court.

  (13) In examining a witness, counsel shall not repeat or echo the answer given by the witness.

  (14) Offers of, or requests for, a stipulation should be made privately, not within the hearing of the jury.

  (15) In opening statements and in arguments to the jury, counsel shall not express personal knowledge or opinion concerning any matter in issue; shall not read or purport to read from deposition or trial transcripts, and shall not suggest to the jury, directly or indirectly, that it may or should request transcripts or the reading of any testimony by the reporter.

  (16) Counsel shall admonish all persons at counsel table that gestures, facial expressions, audible comments, or the like, as manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are absolutely prohibited.

# MERRYDAY TRIAL CALENDAR: SEPTEMBER 2014



(TRIAL TERM BEGINS SEPTEMBER 2, 2014)

|   | CASE NUMBER | CASE NAME | COUNSEL | | DAYS |
|---|---|---|---|---|---|
| 1 | 8:14-cr-133-T-23EAJ | USA v. TOBORUS DONTAY CUNNINGHAM | James Preston<br>William Sansone | 813 274-6000<br>727 299-0099 | 3 days |
| 2 | 8:14-cr-244-T-23EAJ | USA v. JUNIOR ALVAREZ VERA | Patrick Scruggs<br>Charles Britt | 813 274-6034<br>941 747-4400 | 3 days |
| 3 | 8:14-cr-289-T-23AEP | USA v. MARTIN BELALCAZAR NEFTALI ESTUPINAN QUINONES | Patrick Scruggs<br><br>Darlene Barror<br>Victor Martinez | 813 274-6000<br><br>813 877-6970<br>813 289-0600 | 4 days |
| 4 | 8:13-cv-1872-T-23TBM | ANA M. CARDOSO v. THE LAW OFFICES OF OMAR F. MEDINA, P.A., et al., | Michelle Nadeau<br>Ryan Barack<br><br>Omar Medina<br>Thomas Gonzalez<br>Christopher Bentley | 727 441-4947<br>727 441-4947<br><br>813 258-5839<br>813 273-0050<br>813 273-0050 | jury<br>3 days |